CHARLES BROWN and others *vs.* WALTER FULLER and others.

A formal traverse of material matters contained in the bill is not sufficient to dissolve an injunction. The answer must be full and satisfactory.

A creditor, having exhausted his remedy by execution at law, has a right to come into a court of equity to set aside a conveyance alleged to have been fraudulently made by his debtor.

*Williams*, for complainants.

*Frelinghuysen*, for defendants.

THE CHANCELLOR. The defendants move to dissolve the injunction upon these grounds, *viz.*

1. For want of equity in the bill. It is urged that the bill is multifarious, and that if the facts charged therein are true the complainant has a full and adequate remedy at law. The objection is not well taken. The complainants have a judgment at law against Fuller, upon which an execution has been issued and returned unsatisfied, and he has no other visible property out of which satisfaction of the judgment can be obtained. The remedies at law have been exhausted. An *alias* writ of *fieri facias* has been issued, and levied upon real estate in the possession of the defendant, Fuller, and which was recently owned by him, but the legal title to which was transferred from Fuller to his son a short time before the recovery of the complainants' judgment. The property, moreover, is largely encumbered by mortgages and by a judgment given prior to the alienation of the title by Fuller.

Under these circumstances, the execution creditor is entitled to come into equity for relief. The bill is sustainable under the ordinary jurisdiction of a court of equity to set aside fraudulent conveyances and other obstructions to an execution at law, and to make the holders

of all such conveyances and encumbrances parties to the suit. *Cook* v. *Johnson*, 1 *Beasley* 51; *Boyd* v. *Hoyt*, 5 *Paige* 65; *Reade* v. *Livingston*, 3 *Johns. Ch. R.* 481; *Beck* v. *Burdett*, 1 *Paige* 305; 6 *Paige* 526; *The Chatauque County Bank* v. *White*, 2 *Sel.* 236; *Same* v. *Risley*, 19 *N. Y. Rep.* 369; *Bailey* v. *Burton*, 8 *Wend.* 339; *McElwain* v. *Yardley*, 9 *Wend.* 549.

2. Because the equity of the bill is fully denied by the answers.

As to a part of the defendants, this objection must prevail. The answer of the bank is a full and explicit denial of the equity of the bill, so far as regards the validity of their claim, and the injunction, as against them, must be dissolved. But the answer of the other defendants is by no means so satisfactory. The defendants have, in several material particulars, satisfied themselves by a more formal traverse of the charges of the bill in the precise phraseology in which the charges are made. This is not enough.

In regard to the mortgage of Shotwell, the defendants, Fuller and Shotwell, answer that the mortgage was not given for the purpose of fraud, as is alleged by said complainant, but was given to secure certain indebtedness from Fuller to Shotwell, particularly specified in the answer. The mortgage was given for $10,888.78, which is alleged to be an error, the real indebtedness being but $10,770.87. With the exception of a small balance on account, this indebtedness is alleged to consist of eleven promissory notes, the aggregate amount of which is $4287.58, and the interest thereon $6000. These notes all matured from February to June, 1842, over seventeen years before the giving of the mortgage. Not one dollar of interest appears to have been paid upon them. This transaction is in itself suspicious and calculated to awaken inquiry as to the *bona fides* of the indebtedness, as well as to its actual existence. What was the cause of this indebtedness? To say that the consideration of the mortgage was the principal and interest due on eleven

promissory notes, is no answer to the inquiry. *Latham* v. *Lawrence*, 6 *Halst.* 325. The question remains, what was the consideration of the notes? and why were they suffered to remain outstanding for seventeen years without the payment of either principal or interest, until the complainant has commenced his suit and about to recover his judgment? Fraud and want of consideration were directly charged by the bill in relation to this mortgage, and it certainly behoved the defendant to give a more satisfactory explanation of the real character of the transaction.

The answer in relation to the judgment of Thorp is equally unsatisfactory. The defendants, Fuller and Thorp, "deny that only a small part of that sum was actually due to said Thorp, and also deny that said confession of judgment was made for the purpose of defeating said complainants in the collection of their debt by placing an additional encumbrance on the property of said Walter Fuller." But Thorp does not, by his answer, allege that the whole amount of the judgment was actually and honestly due, nor does he state the consideration of the judgment or the ground of the indebtedness. Upon these all important points Thorp is entirely silent, and leaves the answer to rest entirely upon the conscience of Fuller alone.

The question at this stage of the inquiry, it must be borne in mind, is not whether these claims may or may not prove upon a final investigation to be well founded, but whether the answer is of such a character as to justify a dissolution of the injunction. I am clearly of opinion that it is not.

3. The third ground upon which the defendants ask a dissolution of the injunction is because the complainants have not used due diligence in the prosecution of the suit. The bill was filed and the injunction issued on the 23d of April, 1860. The answers were filed in July following. No further step has been taken in the case by

the complainants. The rule is well settled, that a party who relies upon the protection of the court by injunction must use due diligence in the prosecution of his suit. If he fail to sue out a subpœna or to use due diligence in expediting his cause the injunction will be dissolved. *Corey* v. *Voorhies,* 1 *Green's Ch. R.* 6; *West* v. *Smith,* 1 *Green's Ch. R.* 309; *Lee* v. *Cargill,* 2 *Stockt.* 331.

Upon the hearing it was suggested that the delay on the part of the complainants was in a measure attributable to some agreement or attempts at arrangement between the solicitors of the respective parties. The court then intimated that a dissolution would not be ordered upon that ground, if the complainants would proceed promptly with the cause. No further step having been taken, the injunction must be dissolved with costs.